[No. 9452.    In Bank.—November 30, 1885.]

JAMES MOORE, RESPONDENT, v. THE CLEAR LAKE WATER WORKS, APPELLANT. .

WATER—DIVERSION—PLEADING.—In an action to restrain the diversion of water from a stream, the complaint alleged that the plaintiff was the owner and in possession of a certain ditch connected with the stream, and that he had a right to appropriate for use and distribution so much of the water of the stream as the ditch had capacity to carry.  *Held,* that an allegation to the effect that the plaintiff was in a position to use or distribute the water was unnecessary.

ID.—INJUNCTION—DAMAGE.—In such an action, where the plaintiff complains of a continuous wrongful act and consequent infringement of his rights, an injunction will be granted, although there is no allegation or proof of actual damage.

ID.—FINDINGS.—A finding that all the allegations of the complaint, with a certain exception, are true, and that all the allegations of the answer are untrue, *held,* sufficient.

APPEAL from a judgment of the Superior Court of Yolo County.

The facts are stated in the opinion of the court.

*Fox & Kellogg,* for Appellant.

The plaintiff must show that he is in a position to use the water. (*N. C. & S. C. Co.* v. *Kidd*, 37 Cal. 282–307; *Simpson* v. *Williams*, 18 Nev. 432; *Brown* v. *Smith*, 10 Cal. 510; *Ortman* v. *Dixon*, 13 Cal. 39; *McKenny* v. *Smith*, 21 Cal. 381; Civ. Code, sec. 1411.)

*Bennett, Wigginton, & Creed, P. G. Galpin, Page & Eells, Edward J. Pringle*, and *E. C. Winchell*, on petition for a rehearing.

The plaintiff cannot maintain this action without showing actual damage. (*Embrey* v. *Owen*, 6 Exch. 368; *Elliot* v. *Fitchburg R. R. Co.*, 10 Cush. 191; *Earl of Sandwich* v. *Great N. R. R. Co.*, L. R. 10 Ch. Div. 710; *Dumont* v. *Kellogg*, 29 Mich. 423; *Red River Co.* v. *Wright*, 30 Minn. 249; *Anaheim Water Co.* v. *Semi-Tropic Water Co.*, 64 Cal. 185.)

*W. B. Treadwell, F. E. Baker*, and *Wallace, Greathouse, & Blanding*, for Respondent.

The plaintiff is entitled to an injunction whether or not he has any present use for the water. (*Brown* v. *Ashley*, 16 Nev. 312, 315; *Barnes* v. *Sabron*, 10 Nev. 247; *Creighton* v. *Evans*, 53 Cal. 55; *Ferrea* v. *Knipe*, 28 Cal. 340.) No actual damage to the plaintiff need be shown. (*Webb* v. *Portland Mfg. Co.*, 3 Sum. 189; *W. & B. Canal Co.* v. *Swindon Water Works Co.*, L. R. 9 Ch. 457; *Whipple* v. *Cumberland Mfg. Co.*, 2 Story, 661; *Stein* v. *Burden*, 24 Ala. 148; S. C., 60 Am. Dec. 453; *Brown* v. *Ashley*, 16 Nev. 315; Angell on Watercourses, 7th ed., secs. 135, 449; Wood on Nuisances, 2d ed., secs. 779, 781–783, 789; *Goodson* v. *Richardson*, L. R. 9 Ch. 221; *Corning* v. *Nail Co.*, 34 Barb. 485, 491; *Stein* v. *Ashby*, 24 Ala. 521, 528.)

Morrison, C. J.— This case comes before us on the judgment roll alone; and the principal points are as to the sufficiency of the complaint and findings to support the judgment. The alleged cause of complaint is the

diversion of water by defendant from plaintiff's ditch, from a stream known as Cache Creek, in the county of Yolo. There are two counts in the complaint; the first of which alleges: "That the plaintiff is the owner and in the possession of a certain water ditch in said Yolo County, generally known and called the Woodland or Moore's Ditch, which commences and heads in a natural watercourse or stream flowing through said county, well known as Cache Creek, at a point in said creek near the northeast corner of the lands belonging to the estate of W. J. Campbell, deceased, and runs thence in a general easterly course about two and one half miles to a point where it branches or forks, one branch or fork thereof running thence in a general southeasterly direction about five miles, and the other branch or fork running from said point in a general northeasterly course about two and one half miles.

"That said ditch, during all the times hereinafter mentioned, had the capacity to carry one hundred and eighty cubic feet of water, running and flowing at the velocity of four feet per second; and that plaintiff, and his grantors and predecessors in interest, have been the owners of and in the possession of said ditch, and using and operating the same for more than ten years next before the commencement of this action.

"Plaintiff further alleges that he is the owner of certain water rights; viz., the right to appropriate and take out from the waters of said Cache Creek, flowing naturally therein at the head of said ditch, so much water as said ditch has the capacity to carry as aforesaid, and to divert the same into and through said ditch, and to use said water and furnish the same to others, to be used for domestic, stock, and agricultural purposes; and that he and his grantors and predecessors in interest have been the owners of such water rights continuously for more than ten years next before the commencement of this action, and have, during said time, except when

such rights were interrupted by defendant, as herein-after stated, been in the uninterrupted use and possession of such water, and diverted the same at said point, and used and furnished the same to others to be used for domestic, stock, and agricultural purposes.

"Plaintiff further alleges that said defendant, by means of a dam erected and constructed across and from the side of said Cache Creek at a point on said creek about thirty miles above the head of plaintiff's said ditch, is now taking, and at divers times during the last three years has taken and diverted and appropriated to its own use, the waters of said creek, which said plaintiff and his predecessors were entitled to have flow down the channel of said creek to and into the head of plaintiff's said ditch, and through the same as aforesaid, and has, during the times last aforesaid, deprived and is depriving the plaintiff of such water, and thereby prevented plaintiff from receiving into his said ditch the waters of Cache Creek, which said plaintiff and his predecessors were all the time hereinbefore mentioned, entitled to have flow down said creek and into his ditch as aforesaid.

"That defendant claims that it has the right to take out and divert said water and prevent the same from flowing down the channel of said creek and into and through plaintiff's said ditch, and the right to deprive plaintiff of said water, but plaintiff alleges that such taking, appropriation, and diversion of the waters of said creek, by the defendant as aforeseid, is unlawful and wholly without right, and in violation of the rights of plaintiff, to the great and irreparable injury and damage of plaintiff; and plaintiff alleges that said water so diverted by defendant as aforesaid, and prevented from flowing down said creek and into plaintiff's said ditch, as it of right ought to flow, is of great value, viz., of the value of four dollars per foot for twenty-four hours; and that plaintiff has been and is greatly damaged by said diversion.

"Plaintiff further alleges that said ditch of defendant is a permanent ditch, and that defendant intends and threatens to continue to divert said water as aforesaid, and will permanently divert the same and prevent it from flowing into plaintiff's said ditch, where of right it ought to flow, if not restrained by this court, and that said acts and threatened acts of defendant will cause great and irreparable injury to plaintiff if not prevented by a decree of this court enjoining the same."

To this count there was a general demurrer that the complaint did not contain facts sufficient to constitute a cause of action, which was overruled in the court below; and here the point is made that the count fails to show that the plaintiff is in a position to use the water himself, or that he is in any position which gives him a right to furnish the water to others.

The allegation of these matters is not essential to plaintiff's right of action. If he has a *right* to the use and enjoyment of the property, that is sufficient to have his right protected against invasion by another and his ownership of the property carries with it the right to any lawful enjoyment of it, either by using it himself or disposing of it to others.

Another point is, that there is a perfect remedy at law, therefore injunction will not lie; and in support of this proposition the learned counsel cites *Richards* v. *Kirkpatrick*, 53 Cal. 433. It is true, as held in that case, that a party is not entitled to an injunction in case where he has a plain, speedy, and adequate remedy at law; but that is not this case. Here the plaintiff complains of a continuous wrongful act and consequent infringement of his rights, and therefore prays for an injunction to stay such continuous injury, and it is only in a court of equity and by means of an injunction that an adequate remedy can be had. And it was not necessary for the plaintiff to aver or prove actual damages. The interposition of a court of equity was required to

prevent defendant's wrongful acts from ripening into a right, and on that ground alone the interference of a court of equity was properly asked and granted. (*Webb* v. *Portland Manufacturing Company*, 3 Sum. 189.)

But the allegations in the complaint showing an injury inflicted by defendant upon the rights of the plaintiff are sufficient. (2 Chitty's Pleading, 790, 792, 794; *Lorenz* v. *Jacobs*, 2 W. C. R. 722.)

Although not sufficiently definite in its terms, the complaint was not obnoxious to a general demurrer, and the demurrer on the sole ground that the complaint did not state facts sufficient to constitute a cause of action was properly overruled.

What we have said in reference to the first count in the complaint applies with equal force to the second. The findings are, that "all the allegations of the complaint herein are true, except that the capacity of the ditch of the plaintiff therein described is 432 cubic feet of water per second.

"2. That all the allegations of the answer herein are untrue."

These findings were sufficient. (*Pralus* v. *Pacific G. & S. M. Co.*, 35 Cal. 30; *Carey* v. *Brown*, 58 Cal. 180.)

Judgment affirmed.

THORNTON, J., McKEE, J., and MYRICK, J., concurred.

Rehearing denied.