[No. 11250.  In Bank. — July 28, 1886.]

W. F. EDGAR et al., Respondents, v. H. J. STEVENSON, Appellant.

Practice — Amendment to Answer. — The refusal to allow a defendant to file an amended answer setting up matters which could be proved under the averments of the original answer is not erroneous.

Id. — Finding — Party Desiring cannot Dictate. — A party desiring a finding upon a particular point should specify the point to the court without dictating the terms of the finding; and the refusal of the court to make certain findings presented to it as facts in the case is not erroneous.

Id. — Conflict of Evidence. — Where the evidence is conflicting, a finding will not be disturbed on the ground of the insufficiency of the evidence to justify it.

Water Rights — Riparian Proprietor — Use of Stream — Ordinary Flow — Appropriation — Diversion of Surplus. — A riparian proprietor, who has appropriated and uses all the water of a stream crossing his land, as it ordinarily flows, cannot restrain the diversion, during times of extraordinary high water, of the surplus of the stream not used or appropriated by him.

Appeal from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Henry M. Willis,* and *Rowell & Rowell,* for Appellant.

To entitle the plaintiffs to an injunction, the diversion must be such as to create a perceptible diminution of the stream, and deprive the plaintiffs of what they were entitled to, and cause them injury. (Gould on Waters, secs. 213, 214; Angell on Watercourses, 199; *Cooper* v. *Hall,* 5 Ohio, 321; *Moore* v. *Clear Lake W. Co.,* 68 Cal. 146; *Creighton* v. *Kaweah Canal Co.,* 67 Cal. 221; *Elliot* v. *Fitchburg R. R. Co.,* 10 Cush. 191; S. C., 57 Am. Dec. 85.)

*Curtis & Otis,* and *Byron Waters,* for Respondents.

THORNTON, J. — This is an action for an injunction to restrain the diversion of water.

We cannot perceive that the defendant was injured by the refusal of the court below to allow him to file an amended answer. The matters averred in the amended answer might all have been proved under the answer originally filed. Error without injury affords no ground for reversal.

The defendant presented to the court certain findings, and asked the court "to find the same as facts in the case," which the court refused, and defendant excepted.

That this is not error we consider clearly settled in this court by the cases of *Hidden* v. *Jordan,* 28 Cal. 304, and *Miller* v. *Steen,* 30 Cal. 402, S. C., 89 Am. Dec. 124. See *Porter* v. *Woodward,* 57 Cal. 537, 538. It was held in *Miller* v. *Steen, supra,* that a party requiring a finding upon a particular point should specify the point, without dictating the terms of the finding. The right of the party is only to specify or suggest the point on which a finding is required. (See cases above cited.) For the above reasons, we hold that the court below did not err in refusing to find as facts in the case the findings presented.

The evidence as to the issue whether there was a continuous watercourse through the lands of plaintiffs was conflicting; and in accordance with the well-settled rule

of this court, there can be no reversal on the ground of insufficiency of the evidence to justify the finding on that point.

The court made the following findings:—

"1. That the plaintiffs are the owners and in possession of, and their grantors, ancestors, and predecessors have been all the time since March, 1859, the owners of and in the possession of, the land and premises described in the complaint herein.

"2. That for more than twenty years immediately preceding the commencement of this action, the plaintiffs, and their grantors, ancestors, and predecessors in interest, have cultivated the aforesaid land in orchard, vineyard, and usual annual crops, and are still so doing.

"3. That there is, and has been from time immemorial, a natural stream of water, sometimes known as Little San Gorgonio Creek, and sometimes called Edgar Creek, which is the same that is designated in the complaint as Edgar Creek, which has its source in the mountains northerly from said land of plaintiffs, and flows in its natural course to, upon, and across the aforesaid land of plaintiffs; said stream, before it reaches said land of plaintiffs, sinks in the sand at several places, and rises again and flows above the ground, but it is one continuous, well-defined stream and watercourse until after it crosses and passes upon and over and across said land of plaintiffs.

"4. That for many years last past, and prior to the diversion of the waters of the said stream by the defendant as alleged in the complaint, and until such diversion, the plaintiffs, their grantors, ancestors, and predecessors, have continuously appropriated and used all the water of said stream upon their said land and premises for domestic and household purposes and irrigating their said land, except during times, very seldom occurring, of extraordinary high water or freshets, and the use of the whole thereof in its ordinary flow, and with the excep-

tions aforesaid, has always been since so appropriated and used by plaintiffs, their grantors, ancestors, and predecessors, and now is necessary for the proper irrigation and cultivation of said land of plaintiffs, and for domestic and household use thereon.

· "5. That at the time the defendant diverted the waters of said stream as alleged in the complaint, and ever since until now, there has been and is flowing therein an unusually large quantity of water, by reason of the unusually heavy rains during the last winter and spring, and more than a sufficient quantity for the proper irrigation and cultivation of said land of plaintiffs, and for domestic and household or any beneficial use thereon, and sufficient for all such purposes, over and above the amount of water diverted by the defendant.

"6. That the water diverted by the defendant as mentioned in the complaint, and also in the answer of defendant, is water of the stream described in the complaint and designated therein as Edgar Creek, and in the answer as Little San Gorgonio Creek, and would in its natural course, if not so diverted by defendant, flow down to and upon and across the said land of plaintiffs, and during the ordinary flow of the stream, to wit, except during extraordinary high water or freshets, the amount of water diverted by the defendant would naturally diminish the quantity flowing to and upon and across the land of plaintiffs, and thereby cause great injury to and destruction of the orchard trees, vines, and crops growing thereon, and great and irreparable damage to plaintiffs."

It will be observed that the court finds that for many years last past, and prior to the diversion of the waters of the stream in controversy by defendant, the plaintiffs and those under whom they claim have continuously appropriated and used all the water of said stream upon their lands and premises for domestic and household purposes and for irrigating their land, except during

times of extraordinary high water or freshets, and that the use of the whole *in its ordinary flow*, and with the exceptions aforesaid, has always been so appropriated and used by plaintiffs and those under whom they claim, and is necessary for the proper irrigation and cultivation of the land of plaintiffs, and for domestic and household use thereon.

By examination of finding 5, it will be observed that the defendant has not diverted any of the ordinary flow of the stream, but only during freshets, when the stream was swollen by reason of unusually heavy rains, and though such diversion was made by defendant, still sufficient was left for all the needs of plaintiffs, and all that was appropriated by them.

It thus appears that the defendant has only diverted the surplus which was not used and not appropriated by plaintiffs. That the plaintiffs are not entitled to an injunction restraining defendant from using such surplus is sustained by the ruling in the following cases: *Brown* v. *Smith*, 10 Cal. 510; *Ortman* v. *Dixon*, 13 Cal. 39; *McKinney* v. *Smith*, 21 Cal. 374; *N. C. & S. C. Co.* v. *Kidd*, 37 Cal. 313; and *Smith* v. *O'Hara*, 43 Cal. 375, 376.

The following observations, taken from the opinion of the court speaking by Sawyer, C. J., in the case above cited (*N. C. & S. C. Co.* v. *Kidd, supra*), are applicable here: "That the mere diversion or use of water by another is no injury to a party claiming till he is in a position to use it himself, and even after he has acquired a right, during any cessation of his ability, to use it, is settled by many cases. Nor is such diversion or use, or the diversion or use of any surplus beyond the amount which the claimant has ability to use, actionable. Thus in *Brown* v. *Smith*, 10 Cal. 510, an action for the diversion of water from Brown's ditch, which had the prior right, it was held that if 'Brown's old ditch, so called, was so filled with tailings during the winter season of 1857 that it was incapable of diverting any of the waters

of Rabbit Creek, then plaintiff cannot recover for loss of water from that ditch.'    And again, in *Ortman* v. *Dixon*, 13 Cal. 39: 'He was entitled to all whenever all was necessary for the mill, but whenever the mill did not need or could not use it for its operations, the defendant could use it for his purposes.'    *McKinney* v. *Smith*, 21 Cal. 381, recognizes the same principle."

The court below, in our judgment, found that defendant did not divert and never diverted any of the waters appropriated, used, or needed by the plaintiffs, and rendered a judgment enjoining defendant from using the surplus not appropriated which he had a right to use.

In this judgment, it went beyond what was authorized by the findings.    A judgment restraining defendant from using any of the waters of the stream at its ordinary flow would be proper under the findings.

The judgment should therefore be reversed and the cause remanded, with directions so to modify the judgment as to restrain the defendant from diverting any of the waters of the stream referred to in said judgment at its ordinary flow.

Ordered accordingly.

Myrick, J., McKee, J., Sharpstein, J., and Morrison, C. J., concurred.