[No. 12684.   In Bank. — August 5, 1889.]

A. HEILBRON ET AL., RESPONDENTS, v. THE 76 LAND AND WATER COMPANY, APPELLANT.

WATER RIGHTS — RIPARIAN OWNER — IRRIGATION — REASONABLE USE — QUESTION OF FACT. — An upper riparian proprietor is entitled to a reasonable use of the water of the stream for the purpose of irrigating his riparian lands, and an action will lie only for an unreasonable and unauthorized use.   What is a reasonable use is a question of fact, depending upon the circumstances appearing in each particular case.

ID. — INJUNCTION. — An upper riparian proprietor cannot be perpetually enjoined from using the water of the stream for purposes of irrigation of his riparian lands by means of a canal constructed in part for that purpose, whether he has actually used it or not, or whether he intends to use it or not, nor can the diversion of surplus water be enjoined when no proprietor below would be injured thereby.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.

The facts are stated in the opinion.

*Wigginton & Hawes*, for Appellant.

*Brown & Daggett*, and *D. S. Terry*, for Respondents.

BELCHER, C. C. — Action to enjoin the diversion of water.   The complaint was filed November 18, 1884, and the facts alleged therein are, in substance, as follows: The plaintiffs are and for more than two years have been seised and possessed, as tenants in common, of a tract of land situate in the counties of Fresno and Tulare, known as the Kings River ranch, and containing about fifty-four thousand acres.   A natural watercourse, known as Kings River, flows for a distance of over thirty miles along and forms one of the boundaries of the ranch. A branch of the river, called Cole Slough, flows through the ranch for a distance of about ten miles, and at ordinary stages carries the greater portion of the water of the river.   In its course through and along the boundary of the land, the water of the river moistens the soil,

and causes the production and growth of valuable crops
of grasses.  Plaintiffs, in order to increase the fertility
of their lands, and to afford an abundance of grass and
water for their stock on the ranch, have constructed and
maintained a dam on Cole Slough, and have constructed
canals and ditches, by means of which they have for
more than two years conducted the waters of the river
over and upon their lands, and have thereby irrigated a
large portion thereof, causing the same to produce more
abundant crops, and furnishing water for their live-stock
on the land.  For more than two years plaintiffs have
had more than thirteen thousand head of live-stock
grazing on their land, and the water of the river is neces-
sary for the subsistence of such stock, and is the only
water to which the stock on the ranch can have access.
Plaintiffs are also cultivators, and have growing on the
ranch about three thousand acres of alfalfa, and the
waters of the river are necessary for the growth of that
crop.

The defendant is a corporation organized for the pur-
pose of diverting the waters of Kings River to be used
in irrigating lands at a distance from the river.  It has
constructed a canal about one hundred wide feet and four
feet deep, with a grade of eighteen inches to the mile,
and since about the 1st of November, 1883, without the
consent and against the will of plaintiffs, has thereby
diverted from the river, at a point above plaintiffs' land,
about one thousand cubic feet of water per second.  The
water so diverted flows away from the river and plaintiffs'
land, and no portion of it is or can be returned to the
river, but the whole thereof is lost or dissipated by ab-
sorption and evaporation.  By reason of this diversion
the quantity of water flowing past and through plain-
tiffs' lands has been greatly diminished and rendered
insufficient for the purposes of the ranch.  Defendant
threatens to, and unless restrained will, continue the
diversion.  Its canal has sufficient capacity to divert all

the water flowing in the river at low stages, and such continued diversion will cause to the plaintiffs irreparable damage, will greatly impair the value of their lands, and will destroy the crops of alfalfa growing thereon.

The answer denies, among other things, that defendant was or is organized as a corporation for the purpose of diverting the water of Kings River to be used in irrigating lands at a distance from the river, and alleges that it was organized for the purpose of diverting "the waters, or a portion of the waters, of said river to be used in irrigating lands near to and on the banks of said river, as well as at a distance therefrom." The answer further denies that defendant's canal has capacity to divert more than 750 feet of water; and it alleges that at the time of the commencement of this suit, and for more than three years prior thereto, defendant was and now is seised and possessed of certain lands situate in the counties of Fresno and Tulare, known as the 76 lands, and containing about thirty thousand acres; that Kings River flows for a distance of about nine miles along and forms one of the boundaries of said tract of land; that defendant constructed its canal for the purpose, among others, of irrigating said tract of land, and that such irrigation is feasible and necessary to make the lands produce crops of grain, hay, vegetables, and fruits, and will thereby greatly add to the value thereof; that it ever has been and now is the purpose and intention of defendant to make only a reasonable use of the waters of the river for irrigating its lands, and that it is not now and never has been the purpose or intention of defendant to make any use of the waters of the river to the injury of plaintiffs in any manner whatever.

The court found all the facts as to the plaintiff's ranch, its possession, size, location along Kings River, use for the pasturage of stock and raising alfalfa, necessity for water to irrigate it and supply the stock grazing thereon, to be as alleged in the complaint.

It further found that defendant was a corporation, and that in 1883 it constructed a large canal leading out of the channel of Kings River at a point on the south side thereof, about twenty-five miles above the place where Cole Slough connects with and receives its water from the river; that in the month of January, 1884, defendant, without the consent of plaintiffs, commenced to divert, and has ever since continued to divert, from the channel of the river, by means of its canal, 750 cubic feet of water per second; that the water so diverted has been carried to lands located at a distance from the river and used to irrigate lands which do not border on the channel of the river or touch the banks thereof, and that the canal is so constructed that the water diverted by it does not and cannot flow back into the river; that by reason of the said acts of defendant the quantity of water flowing to and through plaintiffs' lands has been materially diminished, so that their cattle have not had a sufficient quantity to drink, and they have not had sufficient to irrigate their alfalfa fields.

The court also found that defendant is the owner of the lands mentioned in its answer, and that portions of these lands border on the south bank of Kings River below where its canal is taken out; "that the irrigation of the larger portion of defendant's land from its said canal is feasible, and irrigation is necessary to make said lands produce crops of grain, hay, vegetables, and fruits, which will thereby add greatly to the value of said lands"; "that one of the purposes for which the defendant constructed said canal was to irrigate said lands; . . . . that said defendant has not at any time irrigated any of its said lands from or by means of said canal; . . . . and said defendant does not intend to irrigate any of said lands by means of said canal."

Judgment was entered that defendant, its officers, agents, etc., be forever enjoined and restrained from di-

verting any of the waters of Kings River into or through its canal, or from causing or in any manner permitting any portion of the waters of the river to flow into or down its canal. And the judgment further ordered and decreed that defendant forthwith fill up the head of its canal, and close the same so that no water can or will flow from the river into it.

The appeal is from the judgment and an order denying a new trial.

We have stated the case very fully, because, in our opinion, the judgment is not warranted by the findings, and must therefore be reversed.

It clearly appears that defendant is a riparian proprietor above the plaintiffs. Its lands can be irrigated with water carried through its canal, and irrigation is necessary to make them productive. Being an upper riparian owner, defendant is entitled, as against the plaintiffs, to make a reasonable use of the water of the stream for the purpose of irrigating its riparian lands, and it is only for an unreasonable and unauthorized use that an action will lie. What is a reasonable use is a question of fact, and depends upon the circumstances appearing in each particular case. (*Lux* v. *Haggin,* 69 Cal. 394–400; *Swift* v. *Goodrich,* 70 Cal. 103; *Stanford* v. *Felt,* 71 Cal. 249.)

One of the purposes for which the defendant constructed its canal was to irrigate its lands. And the fact that it has not yet used the water upon its own lands cannot destroy or impair its right. (*Lux* v. *Haggin,* 69 Cal. 390.) So the fact, if it be a fact, that defendant does not intend to irrigate any of its lands by means of the canal does not affect its right. It may, at any time, change its intentions in this respect.

This being so, we are unable to see how the court could properly grant a perpetual injunction restraining the defendant from ever, at any time, or for any purpose,

causing or permitting any water from the river to flow into or down its canal.

Beside, there may be times of flood or high water, when no one below would be injured if defendant's canal should carry away from the river surplus water to its full capacity. Why should defendant be required to fill up the head of its canal so that no water at such times can flow into it? (See *Edgar* v. *Stevenson,* 70 Cal. 286.)

From what has been said, it is not to be understood that defendant has a right, as against riparian owners farther down the stream, to divert water from the river for the purposes of sale or for use on lands which are not riparian.

We advise that the judgment and order be reversed, and the cause remanded, with directions to the court below to enter a decree in conformity with the views expressed in the foregoing opinion.

HAYNE, C., and GIBSON, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and the cause remanded, with directions to the court below to enter a decree in conformity with the views expressed above.

Rehearing denied.