[S. F. No. 1420.   Department One.—November 28, 1900.]

## W. J. FIFIELD, Appellant, v. SPRING VALLEY WATER WORKS, Respondent.

RIPARIAN RIGHTS—INJUNCTION—DIVERSION OF FLOOD WATERS BY WATER COMPANY.—A riparian proprietor is not entitled to an injunction to restrain a water company engaged in supplying water for public use from diverting the surplus storm or flood waters of a creek, which will not prevent the flowing over his land of the ordinary waters of the stream, nor in any way damage his land nor interfere with the rights appurtenant thereto.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Ben Morgan, for Appellant.

M. B. Kellogg, for Respondent.

VAN DYKE, J.—The plaintiff and appellant is the owner of a certain tract of land in San Mateo county, through which the waters of San Mateo creek flow in a natural channel.   The defendant is a corporation conducting and carrying on the business of supplying the inhabitants of the city and county of San Francisco with water.   It is charged in plaintiff's complaint that defendant is engaged in constructing a tunnel above plaintiff's land, with the intent and purpose of diverting through said tunnel, when completed, the waters of said creek into the San Andreas reservoir, thereby preventing the same from reaching or flowing through the land of the plaintiff.   And an injunction is prayed to prevent the defendant from so diverting the waters of said creek.

In defendant's answer it is denied that said defendant threatens, or ever has threatened, or intends to divert the waters of said creek as in the complaint alleged, but avers that it only intends to divert through said tunnel the storm or flood waters, and none of the ordinary flow of said stream.

The court finds that it is not the object of defendant in constructing said tunnel to divert any of the waters of said creek into said San Andreas reservoir, except said storm or flood waters, or waters flowing in said creek during times of extra high water or freshets in said stream, nor in any other way, nor to any other extent, to prevent the waters of said creek from reaching or flowing through the lands of the plaintiff. The judgment and decree entered upon the findings is, after defining storm or freshet waters to be such waters as flow down a stream during and after a rain storm and which are in excess of the ordinary flow, "that the defendant is hereby enjoined and restrained from diverting or in any way restraining, at any time or times, the ordinary flow of water in San Mateo creek through the lands of plaintiff, as said ordinary flow is above described and defined; and that the defendant be, and it is hereby, permitted and authorized, by the flume and tunnel mentioned in its answer, as above plaintiff's said land or otherwise, to take and divert from said San Mateo creek, above the said lands of plaintiff in the complaint described, the storm or freshet or flood waters (as above described or defined) that may flow in or into said San Mateo creek above said lands, during times of extraordinary high water or freshet in said creek or stream, provided that defendant permits at all times all the ordinary flow of said creek to go down to plaintiff's lands, and provided that defendant shall make such diversion so as not at any time to stop or divert any of the said ordinary flow above plaintiff's said lands, and provided that it uses, and it is hereby directed to use in the premises, mechanical means capable of accomplishing and actually accomplishing such results as aforesaid, namely, permitting at all times all the ordinary flow of said San Mateo creek to go down to said plaintiff's lands described in the complaint, and so constructed as not at any time to stop or divert any of said ordinary flow down said creek to said plaintiff's said lands."

The respondent contends that there is no appeal in this case from the judgment in question, for want of a proper notice. It must be admitted the notice is unusual in form. The law requires a notice to state that the appeal is taken from the judgment or order appealed from, "or some specific part thereof." (Code Civ. Proc., sec. 940.) Here the notice reads that the plaintiff in the above-entitled action appeals from the judgment therein given in favor of the defendant in said action, and against said plaintiff, "and from the whole of said judgment, and particularly that portion of said judgment whereby defendant is adjudged entitled to divert a portion of the waters of San Mateo creek." But the judgment here is not in favor of the defendant, but is in favor of the plaintiff, and he is awarded his costs in the action. Plaintiff can hardly be presumed to have intended to appeal from a judgment in his favor; but from a literal reading of the notice, however, it might bear that construction, for it reads "and from the whole of said judgment, and particularly that portion," etc. However, it is not necessary to pass upon this objection to the notice of appeal, for the case must be disposed of in favor of the respondent upon the merits.

The court finds that the diversion of the storm or flood water by defendant as proposed "will not damage said land in any way, nor in any way interfere with plaintiff's right in the premises, or with the rights appurtenant to said land." This being so—and the finding upon this appeal from the judgment must be taken as conclusive—the plaintiff is not injured and cannot be damaged by the diversion of storm or flood water, and hence is not entitled to an injunction restraining the diversion of such storm or flood water. In *Modoc Land etc. Co. v. Booth*, 102 Cal. 151, the court say: "It seems clear, however, that in no case should a riparian owner be permitted to demand, as of right, the intervention of a court of equity to restrain all persons who are not riparian owners from diverting any water from the stream at points above him, simply because he wishes to see the stream flow by or through his land undiminished and unobstructed. In other words, a riparian owner ought not to be permitted to invoke the power of a court of equity to restrain the diversion of water above

him by a nonriparian owner, when the amount diverted would not be used by him and would cause no loss or injury to him or his land, present or prospective, but would greatly benefit the party diverting it. If this be not so it would follow, for example, that an owner of land bordering on the Sacramento river in Yolo county could demand an injunction restraining the diversion of any water from that river for use in irrigating nonriparian lands in Glenn or Colusa county. And yet no one probably would expect such an injunction, if asked for, to be granted—or, if granted, to be sustained."

In *Edgar v. Stevenson*, 70 Cal. 286, it was held that a riparian proprietor who has appropriated and uses all the water of a stream crossing his land, as it ordinarily flows, cannot restrain the diversion during times of extraordinary high water of the surplus not used or appropriated by him. (See, also, *Heilbron v. '76 Land etc. Co.*, 80 Cal. 189; Black's Pomeroy on Water Rights, sec. 75.)

Judgment affirmed.

Harrison, J., and Garoutte, J., concurred.