[No. 15795.   Department One.—May 24, 1895.]

## EZEKIEL M. HECKMAN, RESPONDENT, *v.* JOHN A. SWETT ET AL., APPELLANTS.

FISHERIES — EEL RIVER—CHANGE IN CHANNEL — LOW-WATER MARK — EXCLUSIVE RIGHT TO FISH FROM ISLAND—INJUNCTION.—Under the act of 1859, which gives to the owners of lands fronting on Eel river the exclusive right and privilege of casting, hauling, and landing seines and nets on their own water-front, and provides that all "bars and the bed of said river lying between the lines of the official survey and extreme low-water mark shall be deemed and held to be the water-front of the landowner whose lines border on said river, or run nearest thereto," where it appears that the channel of the river has been changed, so that at low tide the bed of the old channel is dry in places between an island and the plaintiff's land, and the new channel is on the south side of the island, leaving the low-water mark on that side of the island, and leaving the island and the old channel of the river above low-water mark, the owner of the land bordering on the south side of the river is entitled to the exclusive right of casting nets and seines for salmon on the south side of the island in front of his lands, and may enjoin the owners of the land on the north side of the river from interfering therewith or making claim thereto.

ID.—RIGHT OF STATE TO REGULATE FISHERIES.—The state, by virtue of its sovereignty, has authority to regulate fisheries within its borders, and may prescribe the places as well as the times in which fish may be taken, and.may make exclusive grants of fisheries in designated waters, so far as the same do not impair private rights already vested.

ID.—ACT REGULATING SALMON FISHERIES NOT REPEALED BY PENAL CODE. The provisions of the act of 1859, to regulate salmon fisheries on Eel river, are not repealed by sections 634 to 636 of the Penal Code; but those sections are merely intended to regulate the times and mode of catching salmon; and within the times and mode thus prescribed, the owners of the land fronting on Eel river may still exercise the right of catching salmon conferred upon them by the act of 1859.

ID.—RIGHT LIMITED TO SALMON FISHERIES—MODIFICATION OF JUDGMENT. The act of 1859 purports to confer a right of action in favor of owners of lands fronting on Eel river, only against those who shall cast, haul, or land any seine or net in Eel river for the purpose of catching salmon; and a judgment giving to a plaintiff the exclusive right of casting nets in Eel river, irrespective of the purpose for which they are cast, and enjoining the defendants from casting any nets in the waters fronting upon the plaintiff's land, is broader than is justified by the statute, and should be limited to casting nets for the purpose of catching salmon.

APPEAL from a judgment of the Superior Court of Humboldt County.

The facts are stated in the opinion.

*E. W. Wilson*, for Appellants.

An action to quiet the title to the fishery in question cannot be maintained because the plaintiff has neither title nor possession, and the property in question is neither real estate nor appurtenant to any real estate owned by the plaintiff. (*Heckman* v. *Swett*, 99 Cal. 309; *Winter* v. *McMillan*, 87 Cal. 256; 22 Am. St. Rep. 243; *Martin* v. *Lloyd*, 94 Cal. 195; *Standart* v. *Round Valley W. Co.*, 77 Cal. 399.) The action should have been trespass, if any thing. (Stat. 1889, p. 298; *Reed* v. *Omnibus R. R. Co.*, 33 Cal. 212.) The act entitled "An act to regulate salmon fisheries on Eel river, in Humboldt county," approved April 18, 1859 (Stats. 1859, p. 298), has been repealed; as it is in conflict with the provisions of section 634 of the Penal Code. (*In re Yick Wo*, 68 Cal. 304; 58 Am. Rep. 12; *Capron* v. *Hitchcock*, 98 Cal. 427.) The act is unconsti-

tutional and void, as it presumes to grant to private parties the exclusive right and privilege of casting seines and nets in Eel river, a navigable stream in which the tide ebbs and flows, for catching salmon. The right to fish, as an incorporeal hereditament, is subject to the general rules which govern the enjoyment of real property. (*Smith* v. *Cooley*, 65 Cal. 48.) Any interference is an injury to the right. (*Learned* v. *Castle*, 78 Cal. 461.) It is not necessary that the adverse claim should be of any particular character. (*Castro* v. *Barry*, 79 Cal. 443.) The right to the exclusive exercise of the privilege is sufficient. (*Jacob* v. *Lorenz*, 98 Cal. 332.) The act has not been repealed either by express statute or by implication. The grant was a public grant, which could not be revoked excepting for special cause and by due process of law. (*Duncan* v. *Beard*, 2 Nott & McC. 400; *Nichols* v. *Hubbard*, 5 Rich. 267; *Huntington* v. *Asher*, 96 N. Y. 604; 48 Am. Rep. 652; *Hill* v. *Lord*, 48 Me. 83; *Huff* v. *McCauley*, 53 Pa. St. 206; 91 Am. Dec. 203.) This grant could not be impaired by any subsequent act of the legislature, and the sections of the Penal Code cited by appellant would not affect plaintiff's right. (*Montgomery* v. *Kasson*, 16 Cal. 189; *Grogan* v. *San Francisco*, 18 Cal. 590; *Jemison* v. *Planters'* etc. *Bank*, 23 Ala. 168; *Trustees* v. *Bradbury*, 11 Me. 118; 26 Am. Dec. 515.) The plaintiff had a vested right which could not be impaired by subsequent legislation. (Cooley's Constitutional Limitations, 358; *Smith* v. *Maryland*, 18 How. 74; *McCready* v. *Virginia*, 94 U. S. 391; *Illinois Cent. R. R. Co.* v. *Illinois*, 146 U. S. 452; *Stockton* v. *Baltimore* etc. *R. R. Co.*, 32 Fed. Rep. 9, 19, 20. )

*J. W. Turner*, for Respondent.

An action to quiet title was the proper action to bring. (*Mayor of York* v. *Pilkington*, 2 Atk. 302; 6 Waite's Actions and Defenses, 282.) In this state an action to quiet an adverse claim to a right has been recognized. (*Moore* v. *Clear Lake* etc. *Co.*, 68 Cal. 150; *Lux* v. *Haggin*,

69 Cal. 278.   See 6 Waite's Actions and Defenses, 282.)
There is no such inconsistency between the Penal Code
and the act of 1859 that effect cannot be given to both.
Repeals by implication are not favored.   (*Christy* v.
*Board of Supervisors, etc.*, 39 Cal. 10; *Ex parte Smith*, 40
Cal. 419.)   In order to show that the former statute has
been repealed by implication it must appear that the
last statute covers the whole subject matter of the former.
(*United States* v. *Tynen*, 11 Wall. 95; *Weeks* v. *Walcott*,
15 Gray, 54; *Nichols* v. *Squire*, 5 Pick. 168; *Swann* v.
*Buck*, 40 Miss. 268; *Board of Commrs.* v. *Potts*, 10 Ind.
286.)   The act of 1859 is not unconstitutional.   The
state had a right to grant an exclusive right to fish in
a part of the waters of a navigable stream.   (*Hooker* v.
*Cummings*, 20 Johns. 90; 11 Am. Dec. 249.)   The state
has the right to regulate the tenure of real property
within its bounds.   It holds a class of property, such
as floating fish and embedded fish, as to which there
can be no use or enjoyment except in appropriation.
(*Crandall* v. *State*, 10 Conn. 343; *Weston* v. *Sampson*, 8
Cush. 347; 54 Am. Dec. 764.)   Each state owns the beds
of all tide waters within its jurisdiction, unless granted
away.   (*Pollard* v. *Hagan*, 3 How. 212; *Smith* v. *Mary-
land*, 18 How. 74; *Mumford* v. *Wardwell*, 6 Wall. 436;
*Weber* v. *Harbor Commrs.*, 18 Wall. 66.)   It follows that
the right to fish in waters not navigable is common to
all, except an exclusive right be acquired by an individ-
ual by grant or prescription.   (Washburn on Easements,
sec. 412; *Rogers* v. *Jones*, 1 Wend. 327; 19 Am. Dec. 493;
*Delaware etc. R. R. Co.* v. *Stump*, 8 Gill & J. 479; 29 Am.
Dec. 561.)

HARRISON, J.—In addition to the facts presented
upon the former appeal in this case (99 Cal. 303), the
court has now found that the change in the channel of
Eel river left no portion of the lands included in sur-
veys 36 and 42 on the north side of the river; and that
at low tide the bed of the old channel is dry in places
between the island and the plaintiff's land.   It was

held upon the former appeal that the land of the defendants is bounded by the high-water mark on the south side of the river, and that the southerly line of the plaintiff's land is the high-water mark on the north side of the river; that, as the low-water mark is on the south side of the island, and the old channel of the river between the island and the plaintiff's land is above low-water mark, the plaintiff is within the provisions of section 2 of the act of 1859 (Stats. 1859, p. 298), which gives to the owner of lands fronting on the river "the exclusive right and privilege of casting, hauling, and landing seines and nets on their own water-front," and provides that for the purposes of that act "all bars and the bed of said river lying between the lines of the official survey and extreme low-water mark shall be deemed and held to be the water-front of the landowner whose lines border on said river, or run nearest thereto." The court below, therefore, could render no other judgment than that the plaintiff was entitled to the exclusive right of casting nets and seines for salmon on the south side of the island in front of his lands, and enjoining the defendants from interfering therewith, or making claim thereto.

Counsel in the briefs filed herein have discussed at considerable length the question of the title to the lands in the bed of Eel river, and also the power of the state to alienate these lands; but as these questions are not involved in the case, it is unnecessary to express any opinion thereon. The case presents for determination simply the question of the respective rights of the parties under the aforesaid statute of 1859 to exercise a right of casting seines and nets for salmon in the waters of Eel river, fronting upon the lands of the plaintiff. The state, by virtue of its sovereignty, has authority to regulate fisheries within its borders, and may prescribe the places, as well as the times, in which fish may be taken, and may make exclusive grants of fisheries in designated waters, so far as the same do not impair pri-

vate rights already vested. (Gould on Waters, sec. 189; *Commonwealth* v. *Vincent,* 108 Mass. 447; *Wooley* v. *Campbell,* 37 N. J. L. 163; *People* v. *Doxtater,* 75 Hun, 472.) By the aforesaid act of 1859 this power was exercised in reference to the mode and times of catching salmon in Eel river, and the exercise of the right was limited to the owner of lands fronting upon the river. By the same act the owner was given a right of action against any other person who should cast or haul a net or seine in the waters of the river fronting on his land. So long as this law remains in force the right thus conferred is appurtenant to the land, and its invasion by another is the subject of judicial cognizance. "If the plaintiff has a right to the use and enjoyment of the property, that is sufficient to have his right protected against invasion by another." (*Moore* v. *Clear Lake Water Works,* 68 Cal. 150.)

These provisions of the act of 1859, which form the basis of the plaintiff's right of action, are not repealed by sections 634 to 636 of the Penal Code. These sections are intended merely to regulate the times and mode of catching salmon. Within the times and mode thus prescribed the owners of the lands fronting on Eel river may still exercise the right of catching salmon which was conferred upon them by the act of 1859.

The judgment gives to the plaintiff the exclusive right of casting nets in Eel river, irrespective of the purposes for which they are cast, and enjoins the defendants from casting any nets in the waters fronting upon the plaintiff's land. The title of the act of 1859 is "to regulate salmon fisheries on Eel river," and the act itself purports to confer a right of action in favor of the owner of lands fronting thereon, only against those who shall "cast, haul, or draw any seine or net on Eel river for the purpose of catching salmon." The judgment is broader than is justified by the statute, and should be modified by limiting it in this respect.

The court below is directed to make a modification of

its judgment in accordance with this opinion, and as so modified the judgment will stand affirmed. The costs of the appeal are to be borne by the appellant.

GAROUTTE, J., and VAN FLEET, J., concurred.