COLUMBIA MINING COMPANY, appellant, *v.* HOLTER et al., respondents.

WATER RIGHTS—*change of point of diversion.* If H. appropriated the water of a creek at a certain point in 1865, and C. appropriated the same water above H., in 1867, for the use of a mill, and returned the water into the creek, so that H. had the benefit thereof, H. has no right to change his point of diversion of the water in 1869, and appropriate it above C.'s mill, and thereby deprive C. of the use of the water.

WATER RIGHTS—*claim to water—appropriation—possession.* A party who intends to claim water must appropriate the same with reasonable diligence by some known means, and at a certain point; a declaration of such a claim, without any acts of possession, is insufficient.

*Appeal from the Third District, Lewis and Clarke County.*

THE facts are stated in the opinion. The judgment was rendered in the district court, at the July term, 1870, by SYMES, J.

W. F. SANDERS and CHUMASERO & CHADWICK, for appellants.

The answer does not deny the allegation of the complaint, that appellant and its grantors, from March 28, 1865, to the commencement of this action, had enjoyed the water specified. Appellant would be protected in its use for four years by the statute of limitations. Acts 1865, 466; *Union W. Co.* v. *Crary,* 25 Cal. 504; *American Co.* v. *Bradford,* 27 id. 360; *Lick* v. *Diaz,* 30 id. 65.

This was an equity case. *Gale* v. *Tuolumne W. Co.,* 14

Cal. 25 ; *Parke* v. *Kilham*, 8 id. 77. The court properly sought to find four facts from the jury, the date of each appropriation and the place. Respondents could not change their point of appropriation after October, 1865, to the injury of intervening locators. *Butte C. & D. Co.* v. *Vaughn*, 11 Cal. 143 ; *Kidd* v. *Laird*, 15 id. 161 ; *Nevada W. Co.* v. *Powell*, 34 id. 109 ; *Davis* v. *Gale*, 32 id. 26. Respondents, in May, 1869, went two miles above their location, in September, 1865, and attempted to change the point of appropriation to the injury of appellant.

The general verdict, being inconsistent with the special findings and admitted facts, should have been set aside. Civ. Prac. Act, § 175.

A subsequent appropriator, higher up the stream, who diverts the water and returns it to the first but lower appropriator, is not liable to an action by the first appropriator. *Union W. Co.* v. *Crary*, 25 Cal. 504.

Water collected in pipes and separated from the original source of supply is personal property. *Heyneman* v. *Blake*, 19 Cal. 579.

The refusal of the jury to allow damages does not affect the right of appellants to the abatement of a nuisance or the costs. Sto. on Eq. Jur., §§ 921–926 ; *Hudson* v. *Doyle*, 6 Cal. 101 ; *Courtwright* v. *B. R. & A. W. & M. Co.*, 30 id. 576.

A judgment will be set aside without a motion for a new trial, if it cannot stand from the proof or conceded facts. A motion to modify the findings enables the court to look into the evidence for facts. *Sanford* v. *Eighth Ave. R. R. Co.*, 23 N. Y. 343 ; *Purchase* v. *Mattison*, 15 Abb. Pr. 402 ; 3 Estee's Pl. 728, §§ 237–239.

E. W. & J. K. Toole, for respondents.

The statement cannot be considered in connection with the instructions. No exception is made a part of the judgment roll. Civ. Prac. Act, § 203 ; *Newell* v. *Doty*, 33 N. Y. 83. No exception, except a general one, is assigned in the statement. *Jones* v. *Osgood*, 6 N. Y. 233 ; *Caldwell* v. *Murphy*, 11 id. 416 ; *Dunckel* v. *Wiles*, id. 420 ; *Lansing* v. *Wiswall*, 5 Denio, 213 ; 3 Estee's Pl. 688, § 146.

Appellant's use of the water was inconsistent with respondents' right, and under protest. The statement does not bring up all the evidence, and the verdict of the jury must be supported. The court cannot consider the question of the sufficiency of the evidence to justify the verdict. 3 Estee's Pl. 727, § 236; *Gifford* v. *Carvill,* 29 Cal. 589; *Bernal* v. *Gleim,* 33 id. 669.

A denial of appellant's title to the water, or any of its rights and equities, puts appellant on proof. *Marshall* v. *Shafter,* 32 Cal. 176.

No estoppel or statute of limitations is pleaded. No damage is found. This is necessary to entitle appellant to a perpetual injunction. To this extent, the general verdict is conclusive, as it is only set aside to the extent of conflict with the special findings.

WARREN, C. J. This is an action for damages, for diversion of the waters of the west branch of Oro Fino creek, by defendants, and praying a perpetual injunction against them. The answer does not sufficiently deny, under the well-established rules of pleading, any material allegation of the complaint, but sets up a prior appropriation, by grantors of defendants, under which they justify the diversion.

The cause was tried before a jury, who found a general verdict for defendants, and also a special verdict. Appellant moved the court to set aside the general verdict, and for a judgment and decree of injunction upon the special verdict, which was overruled, and a judgment rendered for defendants, and a dissolution of the restraining order in force. Appellant appeals from the judgment, and among other errors assigns this action of the court, and embodies the evidence in his statement. On appeal from a judgment, this court will look into the evidence for an explanation of errors assigned, and we are of opinion that the evidence preserved in this case, in connection with the pleadings and the special findings of the jury, disclose error in entering the judgment under the general verdict.

The jury find, specially, that defendants' grantors appro-

priated the water in question, in October, 1865, and that the point at which they diverted it from its channel was one mile and a quarter below Unionville. They also find that the grantors of plaintiff appropriated said waters in September, 1867, and that they took possession of same at a point about one hundred yards above the mill of the Columbia Mining Company. The evidence, explanatory of this finding, shows the facts to be that defendants derive title through one Laird, who, in October, 1865, posted a written notice on the creek, claiming all the waters of the creek and its tributaries, for mining and other purposes, and thereafter with due diligence erected a dam and reservoir at the point where his notice was posted, and constructed ditches and flumes from said point to convey the water for the purposes indicated. That plaintiff's grantors erected their mill and appropriated said waters for its operation in September, 1867, at a point on said creek, one mile and a quarter above the point where Laird's notice was posted, and his reservoir and ditches constructed, and continued thereafter to use such water until May 28, 1869, when defendants diverted the same at a point above plaintiff's mill, as alleged in the complaint and admitted in their answer. That plaintiff was charged with notice of defendants' claim, prior to any appropriation for the purposes of said mill, and to the construction of the mill. That no work was done upon nor water actually diverted from said creek, by or on behalf of the defendants, at any point as high up the creek as the point of plaintiff's appropriation, until after plaintiff's said appropriation, and that plaintiff, after using, returned said water to its natural channel, at a point above any work done by defendants or their predecessors in interest.

There is some evidence concerning an action brought by Laird against one Pearce, for the diversion of the water in controversy in this action, and that a recovery was had by Laird therefor; but, as no privity whatever is shown between Pearce and the plaintiff in this action, or his grantors, the latter is not affected by such proceeding.

Examining the special findings in the light of this evidence,

it is clear that the appropriation by defendants' grantors, found to have been made in 1865, at a point below that at which they find plaintiff's appropriation to have been made in 1867, could not justify the diversion made by defendants in 1869, complained of by plaintiff. The notice of Laird's claim was of no validity. An intention to appropriate water, to be effectual as against other parties, must be carried into actual execution with all reasonable diligence, by some known and tangible means, and at some designated point. By appropriation, a man acquires only the right of possession and user of water, qualified by the right of others to its use, in such manner as shall not materially diminish or deteriorate it, at the place of his appropriation, in quantity or quality. A declaration of a claim to water, unaccompanied by acts of possession, is wholly inoperative as against those who shall legally proceed to acquire a right to the same.

The special findings conflict with the general verdict, and the latter must be set aside. The judgment must be reversed and the cause remanded, with directions to the court below to enter a judgment upon the special findings of the jury, for nominal damages in favor of the plaintiff, and a decree for perpetual injunction as prayed in the complaint.

*Judgment reversed.*