[No. 3952.]

THE HANDY DITCH COMPANY v. THE LOUDEN IRRIGATING
CANAL COMPANY.

1. APPELLATE PRACTICE—FINDINGS OF TRIAL COURT—WATER RIGHTS
   —ABANDONMENT.
The findings of a trial court on conflicting evidence that an irrigating
   ditch has abandoned part of its decreed priority and of the amount
   of water the ditch is still entitled to will be sustained where the
   evidence is sufficient to sustain the findings.
2. WATER RIGHTS—REMOVAL OF HEADGATES.
An appropriator of water may change the place of diversion provided
   the rights of others are not thereby injuriously affected, but he
   cannot make such change if thereby the rights of either prior or
   subsequent appropriators are injuriously affected.
3. SAME.
In an action by a junior appropriator of water to restrain a senior ap-
   propriator from changing the point of diversion from a point below
   the junior appropriator's headgate to a point above, an allegation
   that the stream below plaintiff's headgate and above the one pro-
   posed to be moved was fed by springs and seepage water sufficient
   to supply defendant's priority and that so long as the place of diver-
   sion was not changed the water in the stream was sufficient to
   supply both appropriators, but if the senior appropriator be per-
   mitted to divert his water above plaintiff's ditch plaintiff would be
   deprived of his water, stated a good cause of action and the court
   erred in refusing to hear evidence in support thereof.

*Appeal from the District Court of Larimer County.*

Mr. WILLARD TELLER and Mr. FRANK J. ANNIS, for
appellant.

Mr. GEORGE W. BAILEY and Messrs. GARBUTT & GAR-
BUTT, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the
court.

The Big Thompson, the Louden and the Handy Irrigating
ditches, situate in Water District No. 4, take water from the

Big Thompson river, a natural stream, in Larimer county. In 1883, in the statutory proceedings provided for that purpose, there was rendered in the district court of Boulder county a decree, by which their respective priorities of right to the use of the water for irrigation were adjudicated and determined to be in the order just mentioned. This decree gave to the Big Thompson ditch a priority of seventy-eight cubic feet of water per second of time.

In 1897, the Handy Ditch Company, appellant, the owner of the Handy ditch, purchased the Big Thompson ditch and its decreed priority, and changed the point of diversion from the headgate of the Big Thompson ditch through which up to that time the water had been carried, and thereafter diverted the water through the headgate of the Handy ditch, and applied the water thus diverted to the irrigation of lands belonging to its stockholders, lying under the Handy ditch. The headgate of the Big Thompson ditch is several miles below those of the other two ditches. The appellee, the Louden Irrigating Canal Company, the owner of the Louden ditch, thereupon brought this action to restrain the appellant company (defendant below) and the water commissioner, from diverting any part of the priority of the Big Thompson ditch, through the medium of the Handy ditch until after the priority belonging to the Louden ditch was satisfied.

One of the objections made by the appellee to this diversion was that there had been an abandonment by the owners of the Big Thompson ditch of the greater quantity of water decreed to it. Upon conflicting evidence the court found that all of such decreed priority, except twenty cubic feet of water, had been abandoned, and since the year 1883 such excess had been in the undisturbed use and possession of appellee and other water consumers from the river ; and upon this finding a decree was entered, permitting appellant to divert through the Handy ditch, twenty cubic feet of water per second of time, and no more, of the Big Thompson priority. Both parties excepted to, and have appealed from, the decree, and duly assigned errors.

While the appellant complains of the action of the court in restricting it to twenty cubic feet of water, and maintains that it is entitled so to divert the entire seventy-eight cubic feet, the appellee, on the contrary, insists that up to the time of the purchase by the Handy Ditch Company, the former owners of the Big Thompson ditch never used for irrigating their lands to exceed six or seven cubic feet of water. Much evidence was taken upon this and other controverted points. We have examined it sufficiently to ascertain that though there is a substantial conflict in the evidence, yet the finding that there had been an abandonment of the priority in excess of twenty cubic feet rests upon sufficient legal evidence, and that the finding that twenty cubic feet of such priority has not been abandoned, is likewise sustained. We therefore find it unnecessary to pass upon a number of assignments of error made by both parties, and based upon the rejection and admission of testimony, because, if as contended, there were erroneous rulings by the trial court, they were not prejudicial to either party.

A more important question grows out of that assignment of error by the appellee, that the trial court erred in permitting the Handy Ditch Company to divert from the Big Thompson river into the Handy ditch any part of the Big Thompson priority.

In its replication to the answer, the appellee, plaintiff below, among other things alleged that below the headgates of the Louden and Handy ditches the water of the Big Thompson river was augmented by springs, seepage, return water and tributaries, to the amount of about fifty cubic feet per second of time during the irrigating season; and that this increased flow was available for and amply sufficient to supply the entire appropriation to which the Big Thompson ditch was entitled; but when the Handy Ditch Company, after the purchase of the Big Thompson ditch and its priority, attempted to change the place of diversion from the original headgate of the Big Thompson, to that of the Handy ditch several miles farther up the stream, such supply was not

available at the new point of diversion. It thus appears that the point sought to be made was that so long as the original place of diversion was maintained, the volume of water in the river was sufficient to supply the entire appropriation of both ditches; but if the owner of the Big Thompson priority was permitted to change the place of diversion, as was attempted, the Louden ditch would not be able to get any water to supply its needs.

This squarely presents the question: In what circumstances may an appropriator of water from a natural stream change the place of diversion? The general rule is that an appropriator of water for any beneficial purpose may change the place of diversion at his pleasure, provided the rights of others are not injuriously affected. This right, however, is not absolute, but is subject to the qualification just mentioned. This qualification, moreover, was not by the courts annexed to the right to change for the protection or benefit of prior appropriators. Indeed, it is peculiarly applicable to subsequent appropriators, and they are in a position to complain if their rights are infringed. The rights of a prior appropriator, as against a subsequent appropriator who changes the place of diversion, are already sufficiently safeguarded by the fundamental doctrine of so-called irrigation law:—He who is first in time is first in right. A subsequent appropriator has a vested right as against his senior, to insist upon the continuance of the conditions that existed at the time he made his appropriation; and if a change of place of diversion by a senior interferes with, or changes those conditions to the prejudice of, a subsequent appropriator, the latter may justly complain. *Fuller v. Swan River Co.*, 12 Colo. 12; *Strickler v. Colo. Springs*, 16 Colo. 61; *Irrigating Co. v. Reservoir Co.*, 25 Colo. 144; Kinney on Irr. §§ 175, 231, 248; Black's Pomeroy on Water Rights, § 69; *Junkans v. Bergin*, 67 Cal. 267; *Hague v. Nephi Irr. Co.*, 52 Pac. Rep. 765; 16 Utah, 421; *Last Chance Mining Co. v. Bunker Hill & S. Mining Co.*, 49 Fed. Rep. 430; *Columbia Mining Co. v. Holter*, 1 Mont. 296. In principle sustaining this case, see *The Water*

*Supply & Storage Co. v. The Larimer & Weld Irrigation Company,* 53 Pac. Rep. 386 ; 25 Colo. 87.

When the appellee attempted to support its claim that the change of place of diversion was injurious to it, the court refused the offer, and in making the ruling, remarked, that since the same conditions which the evidence offered tended to prove may have existed when the original decree determining the respective priorities was rendered, and presumably were then considered, that it was not proper, in this proceeding, to enter upon that inquiry. In this we think the court was clearly in error, and misapprehended the law governing the right claimed. In the nature of things, the decree that established the priorities could not in advance of some future change of the place of diversion by one appropriator, and indeed it did not purport to, ordain that such change would or would not injuriously affect some other appropriator on the same stream. That question could not be determined until the change was attempted, and must depend upon the facts of each particular case. We cannot conceive how the original decree could have anticipated or settled, and in fact it does not purport so to do, any such question as is involved in the proposition we are now considering.

The appellant attempts to sustain this ruling of the court by arguing that it is only a prior, and not a subsequent, appropriator who can complain of another appropriator who seeks to change the place of diversion ; but as we have already seen, this is not the law. It is true a prior appropriator may complain of any act of a subsequent appropriator which interferes with the former's supply of water, whether that act consists of a change of the place of use, the character of the use, or in taking an excessive amount of water at the original intake. While a prior appropriator may change the place of diversion, he may not do so if he injuriously affects the rights of, or thereby imposes an additional burden upon, a subsequent appropriator. Whether the attempted change disturbed the conditions in the continued existence of which the owners of the Louden ditch had a vested right, it is not

possible to determine from this record, because the trial court refused to permit appellee to introduce evidence in support of that claim.    Possibly appellee's replication is not quite specific upon this point; but no objection seems to have been made below upon that ground, and the offer of proof made by appellee was sufficiently broad to be responsive to a perfect plea of that nature; and the objection to the proof is not based upon any indefiniteness of statement, but upon the broad ground that appellee, being a junior appropriator, is not in a position to complain of any change in the place of diversion which appellant, a senior appropriator, chooses to make.

Appellant's assignments of error are not good, nor are those of appellee, except the one based upon the erroneous ruling of the court in rejecting its offer to prove injury.    In no event is appellant entitled, as against appellee, to divert at any place from the Big Thompson river, more than twenty cubic feet of water per second of time, under the priority of the Big Thompson ditch, until after the priority of the Louden ditch is supplied.    Whether it may divert said twenty cubic feet, or any part thereof, through the Handy ditch, depends upon whether or not by such change the appellee is injuriously affected.    If it is, whether, and to what extent, such change injures appellee, is the sole issue to be determined by the district court, if another trial be had.    The judgment is reversed, and the cause remanded, with directions, if there be another trial, that it be only of the issue just referred to, made by the fifth subdivision of the replication.

*Reversed and remanded.*