[L. A. No. 1252.    Department One.—July 7, 1904.]

## SOUTHERN CALIFORNIA INVESTMENT COMPANY, Appellant, v. GEORGE WILSHIRE et al., Respondents.

WATER-RIGHTS—ACTION TO QUIET TITLE—ISSUES—DUTY OF COURT TO DETERMINE EXTENT OF ALL RIGHTS.—In an action to quiet the title of the plaintiff to all of the waters of a creek, where the complaint does not allege the nature of plaintiff's right to the water, whether riparian or prescriptive, and the answer sets up riparian rights of defendants in the creek on lands several miles above the lands of the plaintiff, and also a prescriptive right to use all of the waters flowing through their lands for irrigation, domestic use, and the watering of stock, upon the issues thus joined it was the duty of the court to determine and in its judgment declare the extent of the right of the defendants as well as that of the plaintiff.

ID.—IMPROPER MEASURE OF RIPARIAN RIGHTS—PROPORTION TO FRONTAGE OF LANDS.—Where the judgment declares that plaintiff and defendants, as riparian proprietors upon the stream, have respectively the right to use the waters of the stream "proportionately to the frontage of their lands upon the stream, considered with regard to the whole frontage of land upon the stream," it declares an improper measure of their respective riparian rights. In addition to the extent of each ownership along the banks, the length of the stream, the volume of water in it, the character of the soil owned by each, the area sought to be irrigated by each, and many other considerations, must enter into the solution of the problem.

ID.—INSUFFICIENCY OF WATER—REASONABLE USE.—Where there is not water enough to supply the wants of all riparian proprietors, each owner has the right to a reasonable use of the water, taking into consideration the rights and necessities of each.

ID.—PRESCRIPTIVE RIGHTS OF THE DEFENDANTS—IMPROPER JUDGMENT.— With respect to the prescriptive rights of the defendants the court should not have adjudged that they were the absolute and unqualified owners of the right to divert and use all the waters of the stream.

ID.—LIMITATIONS OF PRESCRIPTIVE RIGHT—INJURY TO RIPARIAN RIGHTS OF PLAINTIFF—INJUNCTION.—The defendants have no unconditional prescriptive right to change the place of use at their pleasure. That right can only be exercised so as not to injure the subordinate rights of the plaintiff. They have only a limited right to divert the water for their use on the land for which it was acquired, and cannot divert it beyond the watershed to the injury of the riparian rights of the plaintiff, who has the right to have it flow in its natural channel as a part of his estate, and to have such diversion enjoined without any showing of damages.

ID.—PRESCRIPTIVE RIGHT TO WATER ON GOVERNMENT LANDS.—The fact that during the time when the defendants were using the water adversely to the plaintiff the defendants' lands upon which they were using the water were vacant government lands did not make their use the less adverse, nor prevent the acquiring of a prescriptive right thereby; nor is it material whether plaintiff's lands were held by a title under a United States patent or otherwise.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. John L. Campbell, Judge.

The facts are stated in the opinion of the court.

Byron Waters, and Waters & Wylie, and W. S. Goodfellow, for Appellant.

Curtis & Otis, George Otis, W. J. Curtis, and Otis & Gregg, for Respondents.

SHAW, J.—The complaint states a cause of action to quiet the alleged title of plaintiff to the use of all the waters of a certain stream in San Bernardino County known as Edgar Creek. The answer denies plaintiff's title and sets forth the title of defendants. The plaintiff appeals from the judgment and from an order denying its motion for a new trial.

Upon the appeal from the order denying the motion for a new trial, plaintiff assigns as error the insufficiency of the evidence to justify several of the findings. Upon an examination of the record we find that there is sufficient evidence tending to support the respective findings to bring the case within the rule that this court cannot disturb the decision of the court below upon questions of fact depending upon conflicting evidence. The testimony is voluminous and of the character usually given upon contests relating to title by prescription. It would serve no useful purpose to discuss it in detail.

We are of the opinion that the judgment, in certain particulars, is not supported by the findings, and that it must in consequence thereof be modified.

The prayer of the complaint is that all the adverse claims of the defendants, or either of them, to the waters be determined, and that they and each of them be enjoined from asserting any claim to any part of the waters of the stream

adverse to the plaintiff. The defendants allege that they and their predecessors in interest are, and for years have been, the owners of a large body of land situate upon the creek some three or four miles above the land of the plaintiff; that they have the right to use the water thereon as riparian proprietors, by reason of the fact that the creek flows through the land described, and that they have the further right to the use of all of said water flowing through their land, for irrigation, domestic use, and the watering of stock upon the said lands, by virtue of an appropriation and continuous adverse use thereunder. The complaint does not state the nature of the plaintiff's right to the water, whether by virtue of a riparian right or a prescriptive right. Upon the issues thus presented it was the duty of the court to determine and in its judgment declare the extent of the right of the defendants as well as that of the plaintiff.

The court finds that the plaintiff was also the owner of some three hundred and twenty acres of land situated upon the creek, and with respect to the riparian rights in the waters it finds that both the plaintiff and the defendants have the right to use the waters of the stream as riparian proprietors, in proportion to the respective ownership of lands on the stream owned by them respectively, in common with the other owners of land situated along the stream having similar rights, but that these riparian rights, both of the plaintiff and defendants, are subject to the prescriptive rights in the water found to be owned by the plaintiff and defendants respectively. It further finds that the plaintiff is the owner and entitled to the use of all that portion of the flow of the creek and of the waters thereof rising and customarily flowing in the creek after the defendants' rights to said stream have been fully satisfied, and not otherwise. This finding, we understand, refers to the plaintiff's right by virtue of appropriation and prescription. With respect to the prescriptive rights of the defendants the court finds that the defendants are the owners of the right to the use of all the surface waters of the creek flowing at the upper boundary of their land, for the purpose of irrigation and domestic use upon said land.

The judgment declares that plaintiff and defendants are riparian proprietors upon the stream, and have, respectively, the right to use the water of the stream "proportionately to

the frontage of their lands upon the said stream, considered with regard to the whole frontage of land upon said stream;'' that the defendants are the owners and entitled to the full, free, and uninterrupted use and enjoyment of all the surface waters of the creek flowing at their point of diversion near the north line of their lands; that the plaintiff is entitled to all the waters of the stream customarily flowing in the stream at its dam, a short distance above its land, where the ditch begins by which it acquired the prescriptive right referred to in the findings, and that all the rights of the plaintiff in the waters of the stream are subject and subordinate to the prescriptive rights therein adjudged to be owned by the defendants.

The judgment declaring the measure of the respective riparian rights of the parties is not correct. Where two persons own land along the line of a watercourse, the measure of their rights is not necessarily controlled solely by the length of their respective frontages on the stream. Many other things may enter into the question. One may have a tract of land of such character that but little use could be made of the water upon it, while the land of the other may all be so situated that it could be irrigated with profit and advantage. In *Harris* v. *Harrison*, 93 Cal. 681, it is said: ''In such a case, the length of the stream, the volume of water in it, the extent of each ownership along the banks, the character of the soil owned by each contestant, the area sought to be irrigated by each—all these, and many other considerations, must enter into the solution of the problem.'' And the general rule is there stated to be, in cases where there is not water enough to supply the wants of both, that each owner has the right to the reasonable use of the water, taking into consideration the rights and necessities of the other.

Upon the findings, with respect to the water-rights of the defendants, the court should not have adjudged that the defendants were the absolute and unqualified owners of the right to divert and use all the surface waters of the stream. The owner of a prescriptive right to the waters of a stream has not the unconditional right to change the place of its use at his pleasure. The right to change the place of use is subject to the qualification that where there are other persons having subordinate rights to the waters of the stream, the right to change the place of use can only be exercised when, and to

the extent that, such change will not injure the subordinate right. (*Kidd* v. *Laird,* 15 Cal. 181;[1] *Butte T. M. Co.* v. *Morgan,* 19 Cal. 616; *Ramelli* v. *Irish,* 96 Cal. 217; *Hargrave* v. *Cook,* 108 Cal. 80; *North Fork Company* v. *Edwards,* 121 Cal. 666; *Last Chance Min. Co.* v. *Bunker Hill Min. Co.,* 49 Fed. 430; Black's Pomeroy on Water Rights, sec. 69.) That portion of the judgment which purports to vest in the defendants the absolute right to divert the water is erroneous, in that it does not limit such right to the use of the water on the land for the benefit of which it was acquired. When the title to water is acquired by adverse use, the extent of the right is limited by the extent of the use which conferred the title. The findings limit this right, as it should be limited, but the judgment goes further and gives an absolute right, the effect of which is that the defendants would have the right to take out the water and make such use of it as they see fit, either on the lands within the watershed for the benefit of which it was appropriated, or upon other lands, or for some use beyond and outside of the watershed. The action was begun in September, 1888. The trial began in June, 1889, but, after the greater part of the evidence was taken, for some reason not appearing, the trial was continued from year to year until June, 1901, when some additional evidence was taken, and thereupon the findings and judgment were made and rendered. From the evidence taken in 1901 it appears that, in 1899, long after the action was begun, one of the defendants who owned the right to use one third of the water on a certain portion of the lands described in the answer, attempted to sell his water-right to the city of Redlands, and that in pursuance thereof the water which he had theretofore been accustomed to use upon the lands within the watershed, had been taken through a pipe, over the divide and beyond the watershed of the creek, some ten or fifteen miles, to the city of Redlands and was there used by the city. This perhaps accounts for the form of the judgment, which, if allowed to stand, would secure to the defendants the right to make this disposition of the water. The court finds that, notwithstanding the diversion of all the water of the creek by the defendants, at their point of diversion, and its use upon their land for irrigation, a part thereof seeped into the soil and percolated

[1] 76 Am. Dec. 472.

through the same until it again reached the stream, and that a portion of this water, thus seeping into the soil, reached the point of diversion of the plaintiff. From the nature of the soil and the heavy grade of the lands it is manifest that this would be the case. The court further finds that, without the addition to the stream thus caused by the seepage of water used by the defendants, there had always been, from other additions and seepages, sufficient water flowing in the stream at the plaintiff's point of diversion to irrigate all the lands actually cultivated by the plaintiff and its predecessors, which the evidence shows was about twenty-five acres. From this it would appear that the diversion of the water taken by the plaintiff, and the carrying of it beyond the watershed, would not injure the prescriptive right of the plaintiff. If no other rights were involved the change of the place of use would be without injury. But the plaintiff has riparian rights in the stream, and this right extends to all the water flowing in the stream through its lands, including that which the defendants allowed to escape, and which seeped into the stream after being used for irrigation, as well as that which flows in the stream in excess of the increase thus received. As such riparian owner, it has the right to have the stream continue to flow through its lands in the accustomed manner, and to use the same to irrigate an additional area thereof, undiminished by any additional or more injurious use or diversion of the water upon the stream above. This right is a part of the estate of the plaintiff—parcel of its land,—and whether it is or is not as valuable in a monetary point of view, or as beneficial to the community in general, as would be the use of a like quantity of water in some other place, it cannot be taken by the defendants without right, or, in case of a public use elsewhere, without compensation. It is not necessary in such cases for the plaintiff to show damages, in order that it may be entitled to a judgment. It is enough if it appears that the continuance of the acts of the defendants will deprive it of a right of property, a valuable part of its estate, (*Moore* v. *Clear Lake W. W.*, 68 Cal. 146; *Stanford* v. *Felt*, 71 Cal. 249; *Heilbron* v. *Fowler S. C. Co.*, 75 Cal. 426;[1] *Conklin* v. *Pacific I. Co.*, 87 Cal. 296; *Walker* v. *Emerson*, 89 Cal. 456; *Spargur* v. *Heard*, 90 Cal. 221.) The taking of the

[2] 7 Am. St. Rep. 183.

water beyond the watershed would, therefore, be an injury to the plaintiff's riparian right which, under the pleadings and findings in the case, the plaintiff was entitled to have enjoined. The judgment should enjoin the defendants from using the water otherwise than as the court finds and rightfully adjudges that they are entitled to such use. They were not entitled to the use of the water except upon the lands described in the answer. The judgment should, therefore, be modified so as to properly describe the respective rights of the parties as riparian owners, and so as to enjoin the defendants from using the water of the creek except upon the lands of the defendants described in the answer, and for the purposes of irrigation and domestic use thereon.

The other alleged errors do not require extended notice. The fact that during the time the defendants were using the water adversely to the plaintiff, the defendants' lands, upon which they were using the water, were vacant government lands, did not make their use the less adverse, nor prevent them from acquiring a right thereby. Any lawful use at any place would be sufficient for that purpose, regardless of the title of the defendants to the land on which it was used.

The nature of the plaintiff's title, whether by United States patent or otherwise, is also immaterial. One person may, by adverse use, divest the title of another, regardless of the source of that title.

In view of the nature of the evidence, we do not perceive how the court could have ascertained and declared the exact amount of water which each party was entitled to use by virtue of their respective riparian rights. The conditions upon which such proportional rights depend do not appear.

It is ordered that the judgment of the superior court be modified so that the first paragraph thereof after the preamble shall read as follows: "Now therefore it is ordered, adjudged and decreed that the defendants herein, except the defendant Wilshire, who has heretofore filed a disclaimer in this cause, are the owners and entitled to the possession, and full, free and uninterrupted use and enjoyment of all the surface waters of Little San Gorgonio Creek, sometimes known as Edgar Creek and sometimes known as Weaver Creek, now flowing or accustomed to flow at or above the points of diversion on said stream, now or heretofore made by said

defendants, as indicated in findings XIV and XXI herein, for the purpose of using the same for irrigation and domestic use upon the lands belonging to the defendants respectively, and described in their answers on file herein, and that the said defendants, and each of them, be enjoined from at any time making any use of said waters elsewhere.'' And that the second paragraph of said judgment, immediately following the above, be modified so as to read as follows: ''That said defendants, and each of them, and said plaintiff, are riparian proprietors upon said stream, and that as such riparian proprietors they each have the right respectively to the reasonable use of the waters of said stream, each considered with regard to the rights and necessities of the other, and of other owners of land fronting upon said stream; the plaintiff's riparian right, however, being subject to the diversion by said defendants of all the surface waters of said stream customarily flowing in the irrigating season of each year, at the points indicated by conclusion of law number one herein, which said right of appropriation to all the surface waters of said stream so flowing is a prior and superior right to said waters to plaintiff's riparian right, or to any right of plaintiff to the waters of said stream, where the same flow through the lands of defendants at or above the points of diversion indicated by conclusion of law number one herein.''

The judgment, as so modified, and the order denying the motion for a new trial are affirmed.

Angellotti, J., and Van Dyke, J., concurred.

Hearing in Bank denied.