[No. 4841.]

## THE BAER BROTHERS LAND AND CATTLE COMPANY v. WILSON ET AL.

1. **Water and Water Rights—Change of Point of Diversion.**

One entitled to divert water from any of the natural streams of the state may change the point of diversion if the rights of others are not injuriously affected thereby.—P. 102.

2. **Appellate Practice—Water and Water Rights—Findings— Presumptions.**

In a proceeding to change the point of diversion of water, where no special findings were made, it will be assumed that in denying the application the court found that the rights of other appropriators would be injuriously affected thereby, and where there is sufficient and competent testimony in the record to support such finding, the judgment will not be disturbed on appeal.—P. 102.

3. **Water and Water Rights—Priorities—Junior and Senior Appropriators—Vested Rights—Change of Point of Diversion.**

If there were only one appropriation upon a stream the appropriator could change his point of diversion as frequently as desired, because there would be none having rights which might be affected thereby; but when a subsequent appropriator makes his diversion, he acts under the belief that the water appropriated by his senior will continue to be used as it was at the time of making the junior appropriation. So a subsequent appropriator has a vested right as against his senior to insist upon the continuance of the conditions that existed at the time he made his appropriation.—P. 103.

*Appeal from the District Court of Rio Blanco County.*

*Hon. John T. Shumate, Judge.*

Action by The Baer Brothers Land and Cattle Company against H. T. Wilson, A. D. Quimet, B. C. Howey and H. S. Howey, for permission to change the point of diversion of the water of a stream. From a judgment denying the application, the applicant appeals.                    *Affirmed.*

Mr. C. W. DARROW and Mr. E. A. MARTIN, for appellant.

Mr. EDWARD T. TAYLOR and Mr. CHARLES W. TAYLOR, for appellees.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This matter grows out of the application of appellant to change the point of diversion of the water of Flag Creek, appropriated by the B. A. & B. Ditch, to a point two and one-fourth miles up the creek from the location of the original headgate. The application was denied by the district court. The appellant desires the judgment of the district court to be reversed, because it is not supported by the testimony.

The rule is, that one entitled to divert water from any of the natural streams of this state may change the point of diversion if the rights of others are not injuriously affected. The court in this matter made no special findings, but we must assume that, in denying the application, he found that the rights of other appropriators would be injuriously affected, and, inasmuch as there is sufficient and competent testimony in the record to support such finding, it will not be disturbed by this court.

The only question of law argued by appellant is embraced in the following excerpt from its brief:

"There was a time when no one or more of the appellees or their grantors could raise the question of their vested rights being injuriously affected because of any such change; that was, of course, while the vested rights of the appellant company or its grantors were in existence, and those of the appel-

lees, or their grantors, were not. There was a time when appellant's vested rights were absolute and without condition as to these appellees, because neither appellees nor their grantors had any vested rights. That time was between the date of appellant's priority rights and the subsequent dates of the priority rights of the appellees, respectively. The appellees now claim that they have curtailed that absolute vested right of appellant, by reason of their subsequent appropriations of water from the creek, and, if this be so, then they have acquired something from appellant without consideration, against its consent, without its knowledge, and against its power to prevent. Appellees contend that they have taken away from appellant its previously acquired, vested and absolute right to change the point of diversion of its water right as sought, because of the subsequently-acquired water right of appellee Quimet.''

If appellant was the only appropriator, it would have the right to change the point of diversion or place of use of the water as frequently as desired, because there would be none having rights which might be affected; but when a subsequent appropriator makes his diversion, he acts under the belief that the water appropriated by his senior will continue to be used as it was at the time of the making of the appropriation of the junior. So, a subsequent appropriator has a vested right, as against his senior, to insist upon the continuance of the conditions that existed at the time he made his appropriation. —Handy Ditch Co. v. Louden Canal Co., 27 Colo. 515.

There being no reversible error in the judgment of the district court, it will be affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.