[L. A. No. 2526. Department One. August 1, 1910.]

## WALNUT IRRIGATION DISTRICT, Respondent, v. J. H. BURKE and OSBORN BURKE, Appellants.

WATER-RIGHTS—IRRIGATION OF LANDS—RIGHT OF OWNER TO CHANGE PLACE OF USE.—The owner of an acquired water-right for the irrigation of sixty acres of land, who was the owner of two separate tracts, may change the place of the use of his share of the water acquired by the common means of diversion of the several owners of water-rights in a district, so as to use the same amount of water upon either of his two tracts, at his election, where this election caused no injury to any other person then interested in the water.

ID.—SALE OF ONE TRACT WITH STIPULATED RIGHT.—Where the owner of such two tracts sold one of them with the stipulated right that he might use so much of the sixty-acre right as was not used on the other tract, such stipulation conferred a right not subject to an inferior diversion of surplus water by other parties.

ID.—PARAMOUNT RIGHT OF DEFENDANTS—SURPLUS APPROPRIATION BY PLAINTIFF.—As the paramount right of the defendants in the use of the sixty-acre water-right was acquired long before that of the plaintiff as an appropriator of surplus water, it is free from any burdens, easements, servitudes, or limitations in favor of the plaintiff.

ID.—REGULATION OF PARAMOUNT RIGHT—NEEDLESS INJURY TO SUBORDINATE RIGHTS—POWER OF EQUITY.—Where the owner of a paramount right to water is so situated that without substantial injury to himself, he may use it in such manner as to cause no injury or little injury to one having a subordinate and inferior right thereto, or on the other hand can make use of it with the same benefit to himself, but in a different manner and so as to cause needless injury to the owner of the inferior right, a court of equity may, in an action for that purpose, upon proper allegations of fact, give judgment imposing upon the paramount owner reasonable regu-

lations for the use of the right so as to prevent unnecessary injury to the inferior right.

ID.—INSUFFICIENT COMPLAINT.—It is held that the complaint of the plaintiff in this action contains no allegations upon which relief in equity can be based. It is not alleged that the defendants have made or threaten to make any unlawful use of the right which the court finds that they possess, or that the use of it as proposed will cause needless injury to the plaintiff, or that there is any different manner of use of it as proposed which would be equally beneficial to defendants or less injurious to the plaintiff.

ID.—FINDINGS AND JUDGMENT UNSUPPORTED—REGULATION OF USER.— It is held that findings and judgment assuming to regulate the superior rights of the defendants are outside of the pleadings, and have no foundation either in the pleadings, the evidence, or the law.

ID.—DISPOSITION OF APPEAL—MODIFICATION OF JUDGMENT WITHOUT NEW TRIAL.—Under the facts appearing the erroneous judgment for the plaintiff may be modified by striking out the judgment rendered in its favor, and all improper provisions inserted therein, without the necessity of any new trial of the action.

ID.—MOTION TO DISMISS APPEAL DENIED—PAYMENT OF JUDGMENT FOR COSTS.—A motion to dismiss the appeal merely because of payment of the judgment for costs by appellants, is denied, the judgment being properly modified without a new trial, in accordance with the principles settled by the court in Bank upon such motion.

APPEAL from a judgment of the Superior Court of Los Angeles County. Geo. H. Hutton, Judge.

The facts are stated in the opinion of the court.

Edward L. Payne, for Appellants.

Stephens & Stephens, for Respondent.

SHAW, J.—This is an appeal by the defendants from the judgment. The principal points urged for a reversal are that certain findings are not supported by the evidence and are not within the issues, and that certain parts of the judgment are not justified by the evidence.

Prior to 1882 a number of landowners in the San Gabriel Valley had severally acquired rights to divert water from the San Gabriel River and use the same upon their respective tracts of land for irrigation and domestic purposes. Among them the defendant, J. H. Burke, owned one hundred and ninety acres, known as the Barton place, and had the right

to enough water for sixty acres thereof.  In that year they made a written agreement under which they thereafter diverted the water and conducted it to their respective tracts of land by means of a common dam and ditch, operated by a *zanjero* or superintendent at common expense.  The aggregate area of land thus watered was twelve hundred and four acres and each owner was entitled to a proportion of the common water, equal to his proportionate part of the land entitled to water.  The total quantity of water to which all were entitled was never definitely fixed, except that it was an amount sufficient for twelve hundred and four acres. but each was entitled to a share of the water sufficient for a fixed number of acres, being a proportion of the whole equal to the proportion that area bore to the whole area.  Burke also owned another tract of seventy-five acres, known as the Stockton place.  About the year 1889 he began using his share of the common water upon the Stockton place and thereafter he continued using it upon either place, as he chose, and acquired the right to do so; taking, however, no more water than before, but merely, to that extent, changing the place of its use.  As this caused no injury to any other person then interested in the water, he had a right to make the change.  (*Southern C. I. Co.* v. *Wilshire*, 144 Cal. 72, [77 Pac. 767], and cases there cited; *Southside I. Co.* v. *Burson*, 147 Cal. 410, [81 Pac. 1107].)  In 1899 he conveyed the Stockton place to the defendant, Osborn Burke, with the right to receive and use thereon all the water of the sixty-acre right that was not used on the Barton place.  In 1902 the owners of these water-rights and ditch organized a corporation, the Standifer Ditch Company, to act as an agency for the management and control of the ditch and the diversion and distribution of the water among the landowners, according to their respective rights.  The water-rights were not conveyed to the corporation, but it was given, and has ever since exercised, the control and management thereof. The defendants still retain the rights thus acquired.  After the entry of the judgment in the court below, J. H. Burke died and his executors have been substituted as defendants in his place.

In making the diversion and distribution of water under these rights, it generally happened that the amount turned

in at the dam would not all be used, and sometimes more was taken than was necessary. The Barton place was at the lower terminus of the common ditch. The surplus and unused water was sometimes turned into a waste way conducting it back to the river channel, and sometimes sold to other landowners below Burke's land. The Walnut Irrigation District, plaintiff herein, was organized, under the irrigation-district statute, with a view of using such surplus. It acquired the right to all this surplus water and also an interest as tenant in common with the Standifer Ditch Company, in the head-works and dam on the San Gabriel River at the head of the Standifer ditch, and in the main ditch leading therefrom to the upper boundary of the Barton place. It also acquired the right to the use of the ditch of Burke through his lands, (though not, so far as appears, the fee therein), subject to Burke's right to use it for his sixty-acre water-right, and, with Burke's consent, enlarged it, and uses it to carry this surplus water to the lands served with water by the district. The Stockton place is within the limits of the district.

Differences arose between the plaintiff and the defendants in relation to the right of the defendants to use the water of the sixty-acre water-right from the Standifer ditch upon the Stockton place, the defendants asserting the right, the plaintiff denying it. The plaintiff's claim is that if any of the water is used on the Stockton place, it is to be considered as part of the surplus water belonging to the district, and must be accounted for as such and the district rates paid therefor. It does not claim any part of the water belonging to the sixty-acre water-right of Burke that may be used on the Barton place. That is conceded to Burke, but it asserts that when such water passes below the Barton place, it immediately becomes "surplus" water and belongs to the district. The object of this action is to obtain a judgment to that effect, and to enjoin the use of water of the sixty-acre water-right on the Stockton place. Osborn Burke has a right in common with others owning land therein to receive water from the district for use upon twenty-five acres of the Stockton place. This is alleged, admitted, and adjudged. No question arises concerning it upon this appeal. The complaint also asks further that if the court should find that

defendants have a right in the water in excess of the rights conceded to them, then that the judgment shall so regulate the use under such right that its exercise shall not interfere with the rights of the plaintiff.

The pleadings, findings, and judgment state and declare the rights of the respective parties, as above stated, the findings and judgment being in favor of the defendants upon the points in controversy, as aforesaid. The evidence fully sustains the findings and judgment in these respects. There is no conflict on the subject. So far as these rights are thus defined and declared the defendants are content. The findings and judgment proceed further, however, to impose certain limitations and restrictions upon the manner in which the defendants shall take and use the water constituting this sixty-acre water-right. The defendants claim that in this they are without foundation, either in the pleadings, the evidence, or the law. We are of the opinion that the defendants' position is correct.

It is conceded that the sixty-acre water-right of the defendants is paramount and superior to the rights of the plaintiff. The latter, confessedly, extend only to the surplus remaining after the defendants' said right is supplied. As the defendants' right was acquired long before that of the plaintiff to the surplus accrued, or ever the plaintiff came into being, it follows that it was and is free from any burdens, easements, servitudes, or limitations in favor of the plaintiff. Where the owner of a paramount right to water is so situated that, without substantial injury to himself, he may use it in such a manner as to cause no injury, or little injury, to one having a subordinate and inferior right thereto, or, on the other hand, can make the same use of it with the same benefit to himself, but in a different manner and so as to cause needless injury to the owner of the inferior right, a court of equity may, in an action for that purpose, upon proper allegations of fact, give judgment imposing upon the paramount owner reasonable regulations for the use of the right, so as to prevent unnecessary injury to the inferior right. The complaint in this action contains no allegations upon which to base such relief. It concedes to the defendants the first right to the water, except in the particular above stated, and as to that the evidence and findings show

that the defendants had the right to use the water on the Stockton place, as fully as they claimed. The lawful use of such first right will necessarily interfere with the use and exercise of the secondary right. It is not alleged that the defendants have made, or threaten to make, any unlawful or improper use of the disputed right which the court finds they possessed, or that the use of it as proposed will cause needless injury to the plaintiff, or that there is any different manner of use which would be equally beneficial to defendants and less injurious to the plaintiff.

The court made its findings and judgment defining the rights and customs of the Standifer Ditch Company in making distribution of the water under its control; requiring the defendant, Osborn Burke, to give to plaintiff twelve hours' previous notice before turning the water to the Stockton place; declaring that the defendants, even when water is abundant, shall not receive a "turn" of water, under their sixty-acre water-right, oftener than once every twelve days; that said right of the defendants is subject to the condition that its use shall not materially interfere with the running of water belonging to the plaintiff; and that they have no right, title, or interest in any of the water except as stated in the decree.

The custom of the Standifer Ditch Company and its stockholders in distributing and using the water belonging to the paramount right is a matter of their own discretion and convenience, and unless a change would unduly injure subordinate rights, it may be changed at their pleasure. It is not alleged that such change is proposed, or that a different method would affect the substantial rights of the plaintiff. There was no occasion for this provision in the judgment. The provision as to notice has nothing in the evidence or pleadings to support it. The testimony shows that the Standifer Ditch water is sometimes delivered oftener than once in twelve days and there is nothing to show that the right as originally acquired was limited to runs or turns at twelve-day intervals, or that the plaintiff had ever secured the right to impose such a burden or restriction upon the use of the Standifer Ditch water by the defendants, or any other of the persons concerned in the Standifer water-rights. These provisions were improperly inserted in the judgment and

should be stricken out. The defendants do not complain of the general clause of the decree purporting to enjoin them from in any manner interfering with the distribution of the water to which the plaintiff was declared therein to be entitled. There was, however, nothing to justify such an injunction. The only interference which it is alleged the defendants threatened, or had exercised, against the plaintiff, was no more than was necessarily involved in the exercise of the superior right of the defendants to use water of the sixty-acre water-right upon the Stockton place. This they had a lawful right to do. No injunction was called for to prevent an injury which has not been inflicted and is not threatened.

It is not necessary to order a new trial of the action. There was no substantial conflict in the evidence as to the facts really in issue, and there is nothing indicating that different evidence could be produced, or throwing doubt upon the facts above stated. Such of the findings as were properly made under the issues were fully proven, and they sufficiently declare the facts upon which the rights of the parties depend. The unnecessary findings may be disregarded and a new judgment may be framed, omitting the objectionable parts, as herein indicated. The seventh and twelfth paragraphs of the judgment should be omitted and the eighth and thirteenth changed so as to leave out all the restrictions upon the defendants as to the times of using the water, the manner of such use and the requirements concerning notice to plaintiff. There are other particulars in the way of detail, which should be changed so far as necessary to make them consistent with what we have said herein.

The judgment is reversed and the cause remanded with directions to the court below to enter judgment in accordance with this opinion. The motion to dismiss the appeal is denied for the reasons given in the opinion thereon by the court in Bank.

Angellotti, J., and Sloss, J., concurred.