UNITED STATES v. UNION GAP IRR. CO.

(District Court, E. D. Washington, S. D.   August 23, 1913.)

No. 199.

1. WATERS AND WATER COURSES (§ 145*) — APPROPRIATION OF WATER FROM
   STREAM—RIGHT TO CHANGE POINT OF DIVERSION.
       While both by the common law and by statute in Washington an ap-
   propriator of water from a stream has the right to acquire water rights
   from other persons and to change the point of diversion, such right is
   subject to the qualification that the change of use or of the point of di-
   version must not be permitted to injuriously affect rights which have been
   lawfully acquired subsequent to the appropriation.
       [Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig.
   § 20;  Dec. Dig. § 145.*]

2. WATERS AND WATER COURSES (§ 145*)—SUIT BY APPROPRIATOR TO PROTECT
   RIGHTS—INJUNCTION.
       The United States, as an appropriator of water from the Yakima river
   for use in irrigation projects, *held* entitled to an injunction to restrain
   defendant as purchaser of other water rights in the river above, from
   so changing the use of such water and the point of diversion as to ma-
   terially lessen the quantity at complainant's point of diversion, which it
   had lawfully appropriated and required in carrying out its project and
   fulfilling its contracts.
       [Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig.
   § 20;  Dec. Dig. § 145.*]

In Equity.  Suit by the United States against the Union Gap Irriga-
tion Company.  Decree for complainant.

Oscar Cain, U. S. Atty., and E. J. Farley, Asst. U. S. Atty., both
of Spokane, Wash.; and E. W. Burr, Special Asst. U. S. Atty., of
North Yakima, Wash., for plaintiff.

Allen & Wilson and Henry J. Snively, all of North Yakima, Wash.,
for defendant.

RUDKIN, District Judge.  It appears from the bill of complaint in
this case that the plaintiff has examined, surveyed, located, and has
now in active operation extensive irrigation works for the storage,
diversion, and development of water for the reclamation of arid and
semiarid lands in Yakima county, under Reclamation Act of June
17, 1902, c. 1093, 32 Stat. 388 (U. S. Comp. St. Supp. 1911, p. 662);
that the plaintiff has availed itself of the provisions of the act of the
Legislature of the state of Washington, entitled, "An act relating to
the appropriation of waters of the state for irrigation purposes, grant-
ing to the United States the right to exercise the power of eminent
domain in acquiring lands, water and other property for rights of
way, and for reservoirs and other irrigation works, granting to the
United States certain rights in state lands and in the waters of the
state, relating to water users' associations, and declaring an emergen-
cy," approved March 4, 1905 (Laws of 1905, p. 180), and by virtue
thereof did, on the 10th day of May, 1905, appropriate all of the un-
appropriated waters of the Yakima river, and has appropriated large
quantities of water in Yakima county, which are being distributed,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

stored, and developed; that immediately thereafter the plaintiff began work upon, and now has in operation, in process of construction and in contemplation, irrigation projects which, when completed, will require all of the waters of the Yakima river so appropriated for irrigation purposes, which projects will be completed as rapidly as the lands under them can be prepared for irrigation; that on the 25th day of November, 1905, the plaintiff and the Fowler Ditch Company entered into a certain contract whereby the ditch company relinquished to the plaintiff all its rights in and to the waters then claimed and owned by it in the Yakima river, save and except 23 cubic feet per second during the months from April to August, inclusive, of each year, 16 cubic feet per second during the month of September of each year, and 12 cubic feet per second during the month of October of each year; that the defendant herein, prior to the 23d day of May, 1906, succeeded to all the right, title, and interest of the Fowler Ditch Company in and to the waters reserved by the foregoing contract; and on said last-mentioned date the plaintiff and the defendant entered into a further contract, whereby the defendant surrendered, yielded up, and abandoned all claims and rights to any waters in the Yakima basin, save and except 28 cubic feet per second during the months from April to August of each year, 19 cubic feet per second during the month of September of each year, and 14 cubic feet per second during the month of October of each year, in addition to the amounts reserved to the Fowler Ditch Company under the contract first above mentioned; that, notwithstanding the terms and conditions of the foregoing contracts, the defendant has heretofore appropriated, diverted, and used large quantities of water in excess of the amounts to which it is entitled, and thereby entailed great damages upon the plaintiff, and threatens to continue so to do; that if such diversion is continued, great and irreparable damage and injury will ensue to the plaintiff, in that a vast number of acres of arid and semiarid land in Yakima county are being furnished by plaintiff with water from the Yakima river for irrigation, domestic, and other, purposes, by reason whereof said lands, which without water are valueless, have been rendered highly productive, and support and maintain a large number of people; that no other source of water supply exists; that plaintiff has entered into contracts to so furnish water to a large number of persons, which is constantly increasing; that the amount of water available to the plaintiff, exclusive of the amounts to which the defendant is justly entitled to use under the foregoing contracts, is no more than sufficient to supply the water which the plaintiff has obligated itself to deliver; that if the defendant diverts and uses more than its share of water, as aforesaid, the plaintiff's supply of water will be diminished to such an extent that it will be unable to fulfill its obligations, and will be prevented from furnishing such persons with water in sufficient quantities to adequately and properly irrigate their lands; that if a failure of water ensues during the irrigation season, growing crops will be destroyed and rendered totally valueless; and that the plaintiff is remediless at law. The relief sought is an injunction against the unlawful, unauthorized, and excessive di-

version. The answer substantially admits the allegations of the bill, denying only that the plaintiff did, on the 10th day of May, 1905, appropriate all the unappropriated waters of the Yakima river, that the plaintiff will be injured by the diversion of water by the defendant, or that there is not sufficient water in the river to supply the needs of the plaintiff outside of and in addition to the water diverted by the defendant. The answer then avers that the West Side Irrigation Company, a corporation, is the owner of and entitled to use 80 cubic feet of water per second of time from the Yakima river in Kittitas county; that on the 22d day of June, 1889, one L. F. Ellison entered into a contract with that company, whereby he was granted water for irrigation purposes on a certain tract of land then owned by him, not exceeding 500 inches, measured according to the custom of miners under a 6-inch pressure; that the waters thus granted were used by Ellison for irrigation purposes from the date of this contract until the 27th day of March, 1909, and that on said last-mentioned date the defendant succeeded to all the rights of Ellison under the contract; that on the 5th day of June, 1886, one Younger appropriated 1,000 inches of water from the Yakima river in Kittitas county; that one Taylor was the owner of a one-fifth interest in the waters so appropriated. and used the same for irrigation purposes until the 15th day of March, 1909; that on the latter date the defendant succeeded to all the right, title, and interest of Taylor in and to the waters so appropriated, and that during the year 1911 the defendant changed the point of diversion of said waters from the points of original diversion in Kittitas county to the head gate of the Fowler ditch in Yakima county, in the mode prescribed by law.

The rights acquired from Ellison and Taylor, or more particularly the right of the defendant to change the point of diversion of these waters from Kittitas county to Yakima county, is the main question at issue. The right of the plaintiff to maintain this suit is beyond question. Aside from any rights it may have acquired under the legislative act of 1905, it acquired by purchase from the Washington Irrigation Company, on the 23d day of June, 1906, the Sunnyside Canal, having its intake below Union Gap in Yakima county, together with an appropriation of 1,000 cubic feet of water per second of time, made by the Northern Pacific, Yakima & Kittitas Irrigation Company on the 22d day of April, 1891, and it has a manifest right to protect this appropriation and the rights acquired thereunder by injunction. It further appears from the testimony, to my satisfaction, that for a number of years last past, during the months of July, August, and September, there has been a shortage of water in the river at the intake of the Sunnyside Canal, so that the government and its predecessor in interest could not avail themselves of the full amount of their appropriation, or of all the water to which they were entitled. This fact is so notorious that the court might perhaps take judicial notice of it, but in any event it is fully supported by the testimony.

[1, 2] The right of the defendant to acquire water rights from other parties, and to change the point of diversion, is recognized by the common law and by statute in this state, but the right is subject to the

important qualification that the change of use or of the point of diversion must not be permitted to injuriously affect rights which have been lawfully acquired subsequent to the appropriation. That the change of the point of diversion in this case to the full extent claimed will injuriously affect the rights of the plaintiff does not, in my opinion, admit of doubt or question. For a period of about 20 years prior to its acquisition by the defendant the Ellison water right was used on a tract of from 20 to 30 acres of gravelly land on or near the west bank of the Yakima river, in Kittitas county. The land was irrigated by flooding, and could be irrigated in no other practical way. The entire 500 inches was thus used three or four times each season for a period of perhaps a week each time, or not exceeding 30 days in all. The remainder of the time the water was permitted to flow down the canal of the West Side Irrigation Company, and was subject to use by the company or its patrons. The Taylor water right was used on similar land, and in the same way, but the quantity used was less and the period of use longer, perhaps continuously throughout the irrigation season. That a large percentage of the water thus used found its way back into the river, and was subject to diversion and appropriation by others is self-evident. What portion found its way back, or what portion will find its way back from the present place of use, cannot be foretold with any degree of certainty, but it can safely be said that a much greater percentage of this 700 inches of water found its way back into the river from the place of use in Kittitas county than will possibly find its way back from the present place of use, and this alone is fatal to the right to change the place of diversion against the protest of other parties who have acquired rights in the stream. Hague v. Nephi Irr. Co., 16 Utah, 421, 52 Pac. 765, 41 L. R. A. 311, 67 Am. St. Rep. 634; Hard v. Boise City Irr. & Land Co., 9 Idaho, 589, 76 Pac. 331, 65 L. R. A. 407; Southern Cal. Irr. Co. v. Wilshire, 144 Cal. 68, 77 Pac. 767; Baer Bros. Land & Cattle Co. v. Wilson, 38 Colo. 101, 88 Pac. 265; Williams v. Altnow, 51 Or. 275, 95 Pac. 200, 97 Pac. 539; Head v. Hale, 38 Mont. 302, 100 Pac. 222; 40 Cyc. 720, and cases cited.

It was suggested in argument that the West Side Irrigation Company is entitled to 80 cubic feet of water per second of time as against the plaintiff, and that the defendant claims its rights through mesne conveyances from that company, and this in a measure is true, but there is nothing in the record to indicate that the defendant has any other or greater rights than had its predecessor in interest. Certainly Ellison never asserted or enjoyed any other or different rights than I have already indicated, and the defendant as his successor in interest occupies no better position. The mere permissive user of the water for the brief period since the transfer confers no right in law.

The only remaining question in the case is the relief to which the plaintiff is entitled. The government, like an individual, can appropriate only so much water as it applies to beneficial uses, and can only restrain a diversion which operates to its prejudice. Under the testimony in the case I am inclined to the opinion that the diversion of the amount of water claimed by the defendant will work no prejudice

to the plaintiff until the 1st day of July each year, and that it will thereafter. A decree will accordingly be entered perpetually enjoining the defendant from diverting from the Yakima river into the Fowler ditch any waters claimed under the Ellison and Taylor purchases from and after the 1st day of July of each year.